UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v.<br><br>OMAR MARTINEZ-LIMON<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 25-MJ-5910-MAT |

DEFENDANT'S TRIAL MEMORANDUM

Defendant OMAR MARTINEZ-LIMON ("Mr. Martinez-Limon"), by and through undersigned counsel, hereby submits the following Trial Memorandum responsive to this Court's concern that Class B misdemeanors may not be tried to a jury. As explained below, there is no legal impediment to a jury trial on Class B Misdemeanors. As such, the decision is left to this Court's discretion with the uniqueness of the prosecution and judicial efficiency favoring a single trial rather than separate trials on the Class A and Class B misdemeanors.

I.  BACKGROUND

On October 27, 2025, the Government filed the present Misdemeanor Information alleging three violations. (Doc. No. 6). Count One alleges improper entry by an alien in violation of 8 U.S.C. § 1325(a)(1). Count Two alleges a violation of security regulations and orders in contravention of 50 U.S.C. § 797. Finally, Count Three alleges an unlawful entering of military property in violation of 18 U.S.C. § 1382.

As defined by the statues setting forth the violations, Counts One and Three are subject to a maximum term of imprisonment of six months. 8 U.S.C. § 1325(a)(1); 18 U.S.C. § 1382. Count Two is subject to a maximum term of imprisonment of one year. 50 U.S.C. § 797(a)(1). Counts One and Three are thus Class B misdemeanors and Count Two is a Class A

1

misdemeanor. 18 U.S.C. § 3559(a)(6)(classifying Class A misdemeanor as having maximum term of imprisonment authorized of one year or less but more than six months); *id.* § 3559(a)(7)(classifying Class B misdemeanor as having maximum term of imprisonment authorized of six months or less but more than thirty days).

## II.     LEGAL ARGUMENT

The Court is asked to exercise its discretion and order the jury to hear all counts of the misdemeanor information.

The Constitution has two provisions relating to criminal trials. The first is in the article allocating federal judicial power: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury." U.S. Const. art. III, § 2. The second is in the Bill of Rights: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury …."[1] U.S. Const. amend. VI. These provisions are given effect by Federal Rule of Criminal Procedure 23:[2] "If the defendant is entitled to a jury trial, the trial must be by a jury" unless

---

[1] Specific to this right, while the Supreme Court holds a criminal defendant may demand a jury trial as a matter of right generally, the Sixth Amendment jurisprudence includes a "common law exception for petty offenses, for which non-jury disposition *is permissible*." *United States. v. McAlister*, 630 F.2d 772, 773 (10th Cir. 1980)(emphasis added). In permitting non-jury trials, the Supreme Court does not mandate non-jury dispositions for charges for which a jury trial demand cannot be asserted as a matter of right.

[2] Federal Rule of Criminal Procedure 23(a) provides "If the defendant is entitled to a jury trial, the trial must be by jury unless . . . the defendant waives a jury trial in writing; . . . the government consents; and . . . the court approves." Rule 23(c), addressing non-jury trials, provides "In a case tried without a jury, the court must find the defendant guilty or not guilty. If a party requests before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion." In its Note to subdivision (c), the Rule explains "[t]his rule changes existing law in so far as it requires the court in a case tried without a jury to make special findings of fact if requested." Rule 23 thus defines how a case involving a right to jury trial may be decided by a court and if tried by the court establishes procedures for requesting findings. Rule 23 does not mandate non-jury trials in the absence of a right to trial.

Equally silent on the question is 18 U.S.C. § 3401, which defines the trial authority of a magistrate. Subsection (a) provides "any United States magistrate judge shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district." In using the term 'misdemeanor,' this jurisdictional grant does not distinguish between petty and non-petty misdemeanors. Subsection (b) does make this distinction, but only to the extent it confers on a defendant "charged with a misdemeanor, other than a petty offense" the right "to be tried before a district judge for the district in which the offense was committed," adding "[t]he magistrate judge may not proceed to try the case unless the defendant . . . expressly consents to be tried before the magistrate judge." Subsection (b) thus creates a right to trial before the district court rather than a prohibition on

waived by the defendant with the consent of the government and the court's approval.

At the outset, Counts One and Three would likely not implicate a defendant's constitutional right to trial. *See Duncan v. Louisiana*, 391 U.S. 145, 159(1968)("Crimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses."). The issue thus is not what is required by right, but rather what is appropriate under the circumstances. "Nothing in the Constitution or the Rules precludes the judge from granting a jury trial as a matter of discretion." *Ross v. Bernhard*, 396 U.S. 531, 550 (1970) (Stewart, Burger, Harlan, JJ., dissenting); *United States v. Greenpeace, Inc.*, 314 F. Supp. 2d 1252 (S.D. Fla. 2004) (granting jury trial, as a matter of discretion, for organization charged with misdemeanor, based on review and discussion of historical precedent); *United States v. Beard*, 313 F. Supp. 844, 846 (D. Minn. 1970) (the "granting of a jury trial rests within the court's discretion" where petty offense defendants have no constitutional right to jury trial and Congress has not spoken on subject).

*United States v. Greenpeace, Inc.*, 314 F. Supp. 2d 1252 (S.D. Fla. 2004), is instructive on the question of judicial discretion to order a jury trial for a petty offense. The court opens its discussion by noting "[t]he government believes that I do not have any discretion to grant a jury trial if one is not constitutionally mandated, but it has not cited any authority whatsoever to support its position" and distinguishes its case from "Sixth Amendment case[s]" in which a defendant unsuccessfully asserts a right to trial." *Id.* at 1263. The court, after reviewing applicable statutes and rules, reasons "[a]s far as I can tell, there is no statute, rule, or precedent

---

jury trials on petty offenses. With this request, the defendant consents to jury trial before this Court, thus the request does not conflict with statutory requirements.

§ 3401. Misdemeanors; application of probation laws,

3

which prohibits a jury trial absent a constitutional requirement. I therefore conclude . . . that I have discretion to empanel a jury even where the Constitution does not require it." *Id.* The court discusses the importance of the jury in American history after granting a jury trial, adding "Juries are not perfect, but neither are judges—even those with life tenure—and juries, because of their nature, better embody and represent the judgment of the community." *Id.* at 1264.

In exercising its discretion, the court adds "[t]his case is, to put it mildly, unusual, and would benefit from a jury's collective decision-making." *Id.* The present prosecution involves many of the same unique elements as the court reviews in *Greenpeace*, such as a dated law dusted off and used for a new purpose and the possibility of a government with hostile designs toward a class of defendants. This Court knows well the history of these novel charges, with a President establishing a military zone on the United States border that serves as the foundation of the charges. This unprecedented action has generated both national and international interest in these prosecutions. *See, e.g.*, Associated Press, *Judges Dismiss National Security Charges Against Immigrants Who Enter New Militarized Zone at Border,* U.S. News and World Report (May 16, 2025), *https://www.usnews.com/news/us/articles/2025-05-16/judges-dismiss-national-security-charges-against-immigrants-who-enter-new-militarized-zone-at-border; US Judge Dismisses Case Against Migrants Caught in New Military Zone*, Al Jazeera *(May 15, 2025),* https://www.aljazeera.com/news/2025/5/15/us-judge-dismisses-case-against-migrants-caught-in-new-military-zone.

In reviewing the merits of the approach set forth in *Greenpeace*, courts have concluded "a jury trial for a petty offense may be appropriate under highly unusual or unique circumstances." *United States v. Cruscial*, No. 3:18-cr-00465-JR, 2019 WL 1087150, at *6 (D. Or. Mar. 7, 2019). "[V]irtually all Class B misdemeanors need not be tried by a jury" – only

4

when the specific facts indicate that the case presents something other than a "run-of-the-mill petty offense" is "deviation from this general rule . . . well-suited." *United States v. Rodriguez*, No. 1:10-CR-120-MHW, 2010 WL 11531202, at *1 (D. Idaho Oct. 15, 2010).

Specific to the Class B misdemeanor offenses at issue, *United States v. Bishop*, 261 F. Supp. 969 (C.D. Cal. 1966), addresses whether a defendant charged with 18 U.S.C. § 1382 is precluded from demanding a jury trial. The court, following an exhaustive analysis of both constitutional and statutory provisions, concludes a jury trial is appropriate for the offense.[3] *Id.* at 976. The result would not differ under its analysis for the improper entry charge.

This Court indicated that it intends to run separate trials, one jury and one bench, for the Class A and Class B misdemeanors. Ignoring the possibility that the unique nature of this prosecution merits consideration by a jury given current events and the political climate, this Court may also consider the interests of judicial economy associated with separate trials based on redundant evidence. *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994)(in ruling on motion to sever counts, "trial judge must balance the prejudice to the defendant against the interests of judicial economy"). The charges set forth in the Misdemeanor Information are inextricably linked. A simple improper entry serves as the foundation for the trespass charge — an unprecedented charge in its own right—while the act of stepping onto this military zone bounded by the international border serves as the basis for the most serious offense. Redundancy in separate proceedings is inevitable.

This Court suggested the separate jury trial and non-jury trial would require little

---

[3] The court cites *Smith v. United States*, 128 F.2d 990 (5th Cir. 1942), which recognizes that, absent an act of Congress conferring authority on a district to try petty offenses, the accused nonetheless holds a privilege, as opposed to a right, to demand a jury trial. Applying its holding, Fifth Circuit reversed and remanded the district court decision denying a jury trial based on the absence of a right to jury trial for the specific offense. *Id.* at 902. The law has since changed to eliminate this privilege however the current law, whether rule or statute, does not prohibit jury trials on petty offenses.

additional effort as it may utilize judicial notice to avoid additional testimony. The § 797 charge requiring a jury trial does not require proof of either alienage or a defendant's proximity to the international border at the time of arrest. The Class B misdemeanors including a § 1382 violation, which as alleged incorporates a § 1325 violation and a separate § 1325 charge, require proof of both alienage and the defendant's position relative to the international border. A court may judicially notice "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b); *see United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001). The defense will reasonably challenge much of the evidence offered in support of the charged violation of § 797. It would thus appear this Court could not avoid substantial additional testimony through reliance on judicial notice.[4]

    This Court is presented with a hybrid case involving petty and non-petty offenses. All Counts involve the international border with Mexico, whether expressly or implicitly. The jury would be provided with a copy of the Misdemeanor Information containing three charges, only one of which would be relevant to the jury, suggesting far greater culpability than a single charge. The jury would also be presented with substantial, immigration-specific testimony that

---

[4] In a jury trial, a trial judge performs the traditional roles of ruling on the admissibility of evidence, maintaining decorum in the courtroom and instructing the jury on points of law applicable to the jury's deliberations. *Kelly v. United States*, 3:14–CV–70–HTW–LRA, 2017 WL 5659962, at *2 (S.D. Miss. Mar. 13, 2017). By way of contrast, a trial judge in a non-jury trial "must weigh the evidence, determine the credibility of the witnesses, and find the facts." 2 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 374, at 315 (1982). If this Court is suggesting it may witness testimony or evidence presented in the jury trial and then judicially notice the same testimony in a subsequent non-jury trial when the charges involved in the two proceedings lack substantial overlapping elements, then this Court would appear to imply it is assuming an inappropriate, non-jury role in the jury trial by assessing the weight and credibility of evidence. As written by the Fifth Circuit, "even though a court may take judicial notice of a 'document filed in another court . . . to establish the fact of such litigation and related filings,' a court cannot take judicial notice of the factual findings of another court. This is so because (1) such findings do not constitute facts 'not subject to reasonable dispute' within the meaning of Rule 201; and (2) 'were [it] permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous.'" *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 830 (C.A.5 (Tex.),1998).

would be irrelevant to its limited role and potentially invite bias against the defendant.

III.    CONCLUSION

Considering the foregoing, it is respectfully submitted that a jury trial on all counts represents the most efficient and appropriate resolution to the present case.  This Court is respectfully requested to order the same.

>Respectfully Submitted,
>
>Maureen Scott Franco
>Federal Public Defender
>
>
>         /S/
>Shane McMahon
>Assistant Federal Public Defender
>Western District of Texas
>Richard C. White Federal Building
>700 E. San Antonio, D-401
>El Paso, Texas  79901
>(915) 534-6525
>Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2025, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the Office of the United States Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.

/S/
Shane McMahon
Attorney for Defendant

8