UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CASE NO. EP:25-MJ-5910-MAT-1 |
| § | |
| OMAR MARTINEZ-LIMON § | |
| § | |

**DEFENDANT'S SECOND TRIAL MEMORANDUM**

OMAR MARTINEZ-LIMON ("Mr. Martinez-Limon") in response to the Court's request for "any briefing about the law" files this Second Trial Memorandum:

**Substantive Count Elements**

**COUNT TWO**
**VIOLATION OF SECURITY REGULATIONS AND ORDERS**
**50 U.S.C. § 797**

Title 50, United States Code, Section 797, makes it a crime to "willfully violate any defense property security regulation."

For you to find the defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

*First:* That the "Texas National Defense Area" is Department of Defense Property;

*Second*: That the Secretary of Defense, or other (or a military commander designated by the Secretary of Defense) issued a Defense Property Security Regulation on April 30, 2025, for the protection or security of the Texas National Defense Area by prohibiting unauthorized access to it;

*Third:* That notice of this Defense Property Security Regulation was posted in conspicuous and appropriate places;

1

*Fourth:* That the defendant accessed the Texas National Defense Area without authority;

*Fifth:* That the defendant willfully violated the Defense Property Security Regulation, that is, the defendant knew that she was accessing Department of Defense Property, and she knew that such access violated the Defense Property Security Regulation.

"Department of Defense Property" means property subject to the jurisdiction, administration, or in the custody of the Department of Defense, any Department or agency of which that Department consists, or any officer or employee of that Department or agency.[1]

A "defense property security regulation" is a property security regulation that, pursuant to lawful authority shall or has been promulgated or approved by the Secretary of Defense (or by a military commander designated by the Secretary of Defense or by a military officer, or a civilian officer or employee of the Department of Defense, holding a senior Department of Defense director position designated by the Secretary of Defense) for the protection or security of Department of Defense property.[2]

*Authority: Bryan v. United States*, 524 U.S. 184, 193 (1998) (holding that a "willful" action "requires proof of knowledge of the facts that constitute the offense."); *United States v. Hernandez-Garcia,* 25-mj-1481-GBW, 2025 WL 1413723, at *9 (D.N.M May 14, 2025) (holding that "the government must show 'knowledge of the facts that constitute the offense' . . . includ[ing] knowledge that the defendant has entered the [National Defense Area]" in order to sustain a conviction under § 797); *see also* Fifth Circuit Pattern Jury Instructions, Section 2.12 ("To find that the defendant was acting willfully . . . the defendant must have a specific intent" to commit the instant offense.).

---

[1] 50 U.S.C. § 797(a)(4)(A).
[2] 50 U.S.C. § 797(a)(2)(A).

## COUNT THREE
## ENTERING MILITARY, NAVAL, OR COAST GUARD PROPERTY
## 18 U.S.C. § 1382

Title 18, United States Code, Section 1382, makes it a crime to go upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation for any purpose prohibited by law or lawful regulation.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant knowingly entered a military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation;

*Second*: That the defendant's entry upon the post, fort, arsenal, yard, station, or installation was for a purpose prohibited by law or lawful regulation, specifically improper entry in violation of 8 U.S.C. § 1325(a)(1).

A military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation means a place with a defined boundary, under the command of a military officer.[3]

*Authority*: *Rehaif v. United States*, 588 U.S. 225, 228-29 (2019) (holding that even where Congress "does not specify any scienter in the statutory text," courts uphold the presumption that "Congress intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct"); *Hernandez-Garcia*, 2025 WL 1413723, at *6 (holding that "knowledge that one is entering military property is an element" under the statute).

---

[3] *United States v. Apel*, 571 U.S. 359, 369 (2014).

Respectfully Submitted,

Maureen Scott Franco
Federal Public Defender


/S/
Shane McMahon
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas  79901
(915) 534-6525
*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2025, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following: Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.


/S/
SHANE MCMAHON
*Attorney for Defendant*