IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | CRIMINAL NO. EP-25-MJ-5910-MAT |
| v. § | |
| § | |
| OMAR MARTINEZ-LIMON, § | |
| § | |
| Defendant. § | |

**UNITED STATES' TRIAL MEMORANDUM**

For purposes of the Bench Trial currently scheduled before this Honorable Court on Friday, November 7, 2025, the government respectfully requests the following elements be applied to the facts[1] and charged offenses of this case:

**Count One: Illegal Entry - 8 U.S.C. § 1325(a)(1)**[2]

Count One of the Misdemeanor Information alleges a violation of Title 8, United States Code, Section 1325, Illegal Entry. Title 8, United States Code, Section 1325(a)(1) makes it a crime for an alien to enter the United States at a time and place other than as designated by immigration officers after a previous conviction under this statute. Proposed elements:

*First*: The defendant was an alien[3];

*Second*: The defendant knowingly entered the United States; and

*Third*: The defendant entered at a time or place other than as designated by immigration officers.

---

[1] The government anticipates that the parties will sign and file a Stipulation of Facts prior to the start of the Bench Trial. A draft copy of the Stipulation of Facts has been provided to the Court.
[2] From 2.02A of the Fifth Circuit Pattern Jury Instructions (2024 Edition).
[3] An alien is any person who is not a natural-born or naturalized citizen of the United States.

**Count Two:  Security Regulations and Orders: Penalty – 50 U.S.C. § 797**

Count Two of the Misdemeanor Information alleges a violation of Title 50, United States Code, Section 797, Penalty for Violation of Security Regulations and Orders. Title 50, United States Code, Section 797, makes it a crime to willfully violate any defense property security regulation. Proposed elements:

*First*: That the defendant willfully[4] violated a defense property security regulation;

*Second*: That the regulation had been promulgated or approved by the Secretary of Defense or by a military commander designated by the Secretary of Defense or by a military officer, for the protection or security of Department of Defense property; and

*Third*: That the regulation or order related to ingress, egress, or removal of persons therefrom covered property.

**Count 3:  Entering Military Property – 18 U.S.C. § 1382**

Count Three of the Misdemeanor Information alleges a violation of Title 18, United States Code, Section 1382, Entering Military Property. Title 18, United States Code, Section 1382 makes it a crime to willfully violate any defense property security regulation. Proposed elements:

*First*: That the defendant went upon the Texas National Defense Area;

*Second*: That the Texas National Defense Area was Department of Defense property; and

*Third*: That the defendant went upon the Texas National Defense Area for a purpose prohibited by law.

---

[4] From 1.43 of the Fifth Circuit Pattern Jury Instructions (2024 Edition):  the word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

## **MENS REA REQUIREMENTS FOR 50 U.S.C. § 797 AND 18 U.S.C. § 1382**

The Section 797 charge requires only that the defendant acted "willfully," which does not require proof of a defendant's actual knowledge that the land is military land or that the land was reassigned to the Department of Defense. For the Section 1382 offense, because it is alleged that the Defendant entered the restricted military area for a separate, unlawful purpose—entering the United States without inspection—it is unnecessary to read a specific intent *mens rea* requirement into the statute.

**I. Section 797's Willfulness Requirement Is Satisfied by Proof that Defendant Committed the Act with a Bad Purpose, Either to Disobey or Disregard the Law.**

Title 50, United States Code, Section 797 makes it a crime to "willfully violate[] any defense property security regulation." At trial in this matter, the United States expects to prove that the defendant violated a defense property security regulation by entering the Texas National Defense Area, part of the U.S. Army Fort Bliss Installation, without authorization. As set forth in the statute, the United States must also prove that the Defendant's violation was "willful." *See* 50 U.S.C. § 797(a)(1). The Fifth Circuit Pattern Jury Instructions explain that "willfully" means "that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law." Model Crim. Jury Instr. 5th Cir. 1.43 (2024).

As the Supreme Court has explained, a "willful" act, as a general matter, is one undertaken with a "bad purpose." *See Bryan v. United States*, 118 S.Ct. 1939, 1944 (1998). To show a "willful" violation of a statute, the United States need only show that the defendant acted with the knowledge that his or her conduct was unlawful. *Id*. The United States is not required to prove that the defendant knew the specific law or regulation he was violating. *Id*. at 1944-47.

The U.S. Supreme Court has recognized two areas in which the general definition of "willful" does not apply, however, neither of those situations apply here. In cases involving "highly technical statutes" that present a danger of "ensnaring individuals engaged in apparently innocent conduct," the government must prove the defendant's knowledge of the law he violated. *See id; Cheek v. United States*, 498 U.S. 192, 201 (1991) (explaining that a provision of the tax code constituted a "highly technical statute" requiring defendant to have knowledge of the law); *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994) (holding that defendant charged with structuring financial transactions to avoid reporting requirements is guilty only if the government establishes defendant knew his restructuring activities were unlawful.")

Here, the charged violation does not involve a "highly technical statute" requiring an exception to the traditional definition of "willful" because no reasonable observer of the facts of this case would find Defendant to be "engaging in apparently innocent conduct" by walking through the Rio Grande River. Unlike the statutes involved in *Cheek* and *Ratzlaf*, Section 797 does not present a danger of "ensnaring individuals engaged in apparently innocent conduct." The defendant here entered the United States illegally, between the port of entries, and while doing so, entered the restricted Texas National Defense Area. This is not "innocent conduct" on the part of the defendant; it is criminal conduct, as evidenced by the illegal entry charge that Defendant also faces. Further, when defendant waded through the river, the defendant was not engaged in "innocent conduct." It was clear that the defendant's actions were done voluntarily and purposely, with the specific intent to do something the law forbids. Model Crim. Jury Instr. 5th Cir. 1.43 (2024).

The standard definition of willfulness does not require knowledge that the property on which the defendant is standing, or through which defendant traveled, is reserved and owned as a

defense security area. Thus, the definition subsumed in the requisite mental state does not specifically require the forbidden law violated to be a "defense property security regulation," rather it only requires a generic knowledge on the part of the defendant that they are doing something the law forbids.

Further, Section 797's requirement that any regulation covered by the statute "shall be posted in conspicuous and appropriate places" does not change the *mens rea* required for commission of the offense. 50 U.S.C. § 797(b). Congress specifically selected the "willfulness" *mens rea* when drafting Section 797. *See* 50 U.S.C. § 797(a). To hold that the government must prove that the Defendant knew he was entering the Texas National Defense Area or knew that a "defense property security regulation" prohibited Defendant's entry into the area effectively negates the specific *mens rea* that Congress placed into Section 797. As the Supreme Court has recognized, the statutory text of an offense is the starting point when determining the requisite mental state as it reflects Congressional intent. *See Rehaif v. United States*, 588 U.S. 225, 229-30; *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 392 (2013). Here, Congress' intent in selecting the *mens rea* for the offense is clear: "whoever *willfully* violates any defense property security regulation shall be fined under title 18 or imprisoned not more than one year." 50 U.S.C. § 797(a) (emphasis added). Given Congress' clear statutory choice, and the Supreme Court's reasoning in *Bryan* that the traditional definition of "willfulness" applies absent offenses involving "highly technical statutes," the United States need only prove that Defendant acted voluntarily and purposefully, with specific intent to do something unlawful.

## II. The Court Need Not Add a *Mens Rea* Element to 18 U.S.C. § 1382 As the Statute Requires Proof of Entry for an Unlawful Purpose and There is No Risk of Ensnaring Individuals Engaged in Apparently Innocent Conduct.

Title 18, U.S.C., § 1382 provides that "[w]hoever, within the jurisdiction of the United States, goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation" commits a misdemeanor. Courts have determined that there are two ways in which this statute may be violated. A violation may occur where an individual enters on to military land with an unlawful purpose apart from the entry itself. *See United States v. Parilla Bonilla*, 648 F.2d 1373, 1377 (1st Cir. 1981). In such case no showing of specific intent to violate the regulation prohibiting entry is necessary. *Id*. As the Court in *Parilla Bonilla* stated:

> Such an interpretation is suggested by the words of the statute, which prohibit entry for any purpose prohibited by a lawful regulation. This language does not indicate a requirement that the defendant harbor a "specific intent" to violate a particular regulation, only that he act with a "purpose" that is in contravention of the regulation's terms. Nor does the statute attempt to limit the class of regulations violation of which will serve as an element of the offense.

*Id*.; *see also United States v. Allen*, 924 F.2d 29, 30 (2nd Cir. 1991) (per curiam) (affirming conviction of defendants who entered a naval reservation for an unlawful purpose on facts where defendants climbed onto a submarine and hammered the hull); *United States v. Clements*, 960 F.2d 147, 1992 WL 75157 at *4 (4th Cir. 1992) (affirming § 1382 conviction for defendant who committed a burglary, larceny and assault on a military base); *United States v. Fox*, 407 F. Supp. 857, 858 (W.D. Okla. 1975) (affirming magistrate court's conviction of Defendant who entered Air Force base for a purpose prohibited by law which was the possession of marijuana).

The other way in which a person may violate the statute is to enter onto a restricted military area for the purpose of unauthorized entry. In other words, the unlawful purpose is the unauthorized entry itself. In such circumstance, courts *have* required evidence of knowledge on

the part of the defendant that the entry was prohibited. *Id.*; *see also United States v. Floyd*, 477 F.2d 217, 223-24 (10th Cir. 1973) (defendants who entered and remained on closed military base to protest war had notice that entry and stay was unauthorized); *United States v. Hall*, 742 F.2d 1153, 1155 (9th Cir. 1984) (noting that "[u]nlike common law trespass, the statute requires that the initial entry be made for a prohibited purpose" which "may be the unauthorized entry itself").

The present case involves the first way in which the statute may be violated – the entry onto a restricted area with intent to commit a separate crime. In this case, the Government expects that the evidence will show that Defendant entered the Texas NDA in order to enter the United States illegally without inspection by immigration officers at a port of entry. Accordingly, the statute in this instance, does not require the Government to prove that Defendant acted with advance knowledge of the regulations prohibiting entry onto the Texas NDA. Such knowledge of the regulations concerning the Texas NDA are not necessary for a violation of the statute. What is necessary is evidence of Defendant's entry onto the Texas NDA with "any purpose prohibited by law or lawful regulation." The unlawful purpose element is met by evidence of Defendant's intent to commit, and evidence of Defendant's actual commission of, another crime by entering the United States without inspection.

                                                Respectfully Submitted,

                                                JUSTIN R. SIMMONS
                                                UNITED STATES ATTORNEY

By:   */s/ Phillip Countryman*
        Phillip Countryman
        Assistant U.S. Attorney
        Texas Bar#24094380
        700 E. San Antonio, Suite 200
        El Paso, Texas 79901
        (915) 534-6884

**Certificate of Service**

  I hereby certify that on November 6, 2025, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the attorney of record for the Defendant.

              */s/ Phillip Countryman*
              Phillip Countryman
              Assistant United States Attorney